# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

HAROLD J. TAYLOR

      Plaintiff,

    v.

WELLS FARGO BANK, N.A., *et al.*,

      Defendants.

Civil Action No. 14-617 (CKK)

## MEMORANDUM OPINION
(March 25, 2015)

Plaintiff Harold J. Taylor filed suit against Defendants Wells Fargo Bank, N.A., Wells Fargo Asset Securities Corporation, and HSBC Bank USA, N.A. (collectively, "Defendants"), asserting ten causes of action relating to Plaintiff's December 18, 2006, mortgage transaction with Wells Fargo. Specifically, Plaintiff claims: (1) Lack of Standing to Foreclose; (2) Fraud in the Concealment; (3) Fraud in the Inducement; (4) Intentional Infliction of Emotional Distress; (5) Slander of Title; (6) Quiet Title; (7) Declaratory Relief; (8) Violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; (9) Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; and (10) Rescission. Presently before the Court is Defendants' Motion to Dismiss. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court finds that Counts I through IV of Plaintiff's Complaint and Count VI fail to state a claim and that Counts VIII through X are barred by their

---

[1] Defendants' Motion to Dismiss ("Defs.' Mot."), ECF No. [6]; Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss ("Defs.' Mem."), ECF No. [7]; Plaintiff's Opposition to Defendants' Motion to Dismiss ("Pl.'s Opp'n"), ECF No. [12]; Defendants' Response to Order of February 18, 2015 ("Defs.' Resp."), ECF No. [14]; Plaintiff's Response to Order of February 18, 2015 ("Pl.'s Resp."), ECF No. [18].

relevant statute of limitations.  The Court dismisses Counts V and VII as conceded.  Accordingly, Defendants' Motion to Dismiss is GRANTED.

## I.     BACKGROUND

### A.  Factual Background

At the outset, the Court notes that Plaintiff's lengthy Complaint is far from a model of clarity and has made it extremely difficult for the Court to ascertain the factual background at issue in this case.  Moreover, Defendants made no effort to elucidate the facts relating to Plaintiff's mortgage in their Motion to Dismiss.  Nevertheless, the Court has been able to decipher the following facts from Plaintiff's Complaint and, for the purposes of Defendants' Motion to Dismiss, the Court shall presume these facts to be true, as required when considering a motion to dismiss. *See Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009).

On December 18, 2006, Plaintiff entered a mortgage transaction with Defendant Wells Fargo Bank, N.A. ("Wells Fargo") evidenced by a promissory note (the "Note") in the principal amount of $300,000 and secured by the Deed of Trust placing a lien on 3309 7th Street, S.E., Washington, D.C.  Compl. ¶¶ 25, 29; *see also* Defs.' Ex. A (Note), ECF No. [7-1]; Defs.' Ex. B (Deed of Trust), ECF No. [7-2].  Apparently based on the findings of a "Securitization Audit Extended Pro" report prepared for Plaintiff and attached to Plaintiff's Complaint, Plaintiff alleges that "the [N]ote and [D]eed of [T]rust at issue in this case were sold, transferred and securitized by Defendants, with other loans and mortgages."  Compl. ¶ 26.  Plaintiff appears to allege that Defendant Wells Fargo sought to transfer the Note and Deed of Trust to "HSBC Bank USA, N.A., acting as the Trustee for the Wells Fargo Mortgage-Backed Securities 2007-2 Trust holding Plaintiff's [N]ote." *Id.* ¶¶ 26, 40, 44.

However, Plaintiff alleges that the Note and Deed of Trust were "not properly assigned and

transferred to Defendants." *Id.* ¶ 30.  Specifically, Plaintiff alleges that the Note and Deed of Trust were not properly assigned and transferred because "neither the Note nor the Deed of Trust was assigned to the Securitized Trust by the closing date" as required by the Pooling and Serving Agreement ("PSA").  *Id.* ¶¶ 31, 39.  Plaintiff makes the further broad allegation that "even if the Deed of Trust has been transferred into the Trust by the closing date, the transaction is still void as the Note would not have been transferred according to the requirements of the PSA, since the PSA requires a complete and unbroken chain of transfers and assignments to and from each intervening party." *Id.* ¶ 32.

As a result, Plaintiff alleges, "[t]he alleged holder of the Note is not the beneficiary of the Deed of Trust" and, thus, "the alleged beneficiary of Plaintiff's Deed of Trust does not have the requisite title, perfected security interest or standing to proceed in a foreclosure; and/or is not the real party in interest with regard to any action taken or to be taken against the Property." *Id.* ¶ 37; *see also id.* ¶ 39 ("to have a valid and enforceable secured claim against Plaintiff's home . . . [t]he Trustee of the Securitized Trust [must have] actual physical possession of the Note . . . ."). Plaintiff further alleges that "the splitting or separation of title, ownership and interest in Plaintiff's Note and Deed of Trust of which the original lender is the holder, owner and beneficiary of Plaintiff's Deed of Trust" "renders invalid any security interest in the Plaintiff's mortgage." *Id.* ¶ 44.

Importantly, Plaintiff makes no allegation in his Complaint that he has repaid the monies borrowed in 2006.  Nor has he alleged that he is in default on his loan obligations.  Plaintiff also does not include any factual background in his Complaint about any foreclosure proceedings and thus it is not clear from the Complaint whether Defendants are actually foreclosing on Plaintiff's property.  *See id.* ¶ 55 ("Defendants' . . . attempted foreclosure of this loan . . ."); ¶ 77 (stating

within Plaintiff's intentional infliction of emotional distress claim that "Defendants' conduct—fraudulently attempting to foreclose or claiming the right to foreclose on a property in which they have no right, title, or interest—is so outrageous and extreme . . ."); ¶ 80 (same); *but see id.* ¶ 67 (stating within Plaintiff's fraud in the inducement claim that "Defendants *are* fraudulently foreclosing on the Property" (emphasis added)).

In addition to claims related to the securitization of Plaintiff's mortgage, Plaintiff also alleges that "[t]he terms of the finance transaction with Wells Fargo are not clear or conspicuous, nor consistent, and are illegal which violates several statutes and is [sic] in essence creates a fraudulent and unenforceable loan." *Id.* ¶ 46.  Plaintiff also alleges that "Wells Fargo illegally, deceptively and/or otherwise unjustly, qualified Plaintiff for a loan which Wells Fargo knew or should have known that Plaintiff could not qualify for or afford . . . ." *Id.* ¶ 47.

## B.  Procedural Background

Plaintiff filed suit against Defendants in the Superior Court of the District of Columbia on February 24, 2014.  *See* Notice of Removal, ECF No. [1], at 1.  Plaintiff's Complaint asserted ten causes of action: (1) Lack of Standing to Foreclose; (2) Fraud in the Concealment; (3) Fraud in the Inducement; (4) Intentional Infliction of Emotional Distress; (5) Slander of Title; (6) Quiet Title; (7) Declaratory Relief; (8) Violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; (9) Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; and (10) Rescission.

On April 15, 2014, Defendants removed the case to the federal district court based on diversity jurisdiction and federal question jurisdiction arising out of Plaintiff's TILA and RESPA claims.  *Id.*; Amended Notice of Removal, ECF No. [4], at 3-7.  Defendants subsequently filed the present Motion to Dismiss for failure to state a claim upon which relief can be granted.  As Plaintiff

is proceeding *pro se*, the Court issued a *Fox* Order informing Plaintiff that Defendants had filed a Motion to Dismiss and advising Plaintiff that failure to respond to the motion to dismiss "may result in the district court granting the motion and dismissing the case." Order (April 22, 2014), ECF No. [9]. Plaintiff responded to Defendants' Motion to Dismiss stating that he "agree[d] with the dismissal of the complaint in its entirety, with prejudice if Wells Fargo Bank, N.A. agrees to a loan modification." Pl.'s Opp'n at 1. The only argument Plaintiff made in response to Defendants' legal arguments for dismissal was that he

> has provided sufficient evidence and has stated a claim based on the facts in the Securitization Audit report that meets the 'plausible test' which shows that the chain of title was broken and the loan was in fact securitized.

*Id*. Defendants did not file a reply in support of their Motion to Dismiss.

As the Court never received a reply from Defendants, on February 18, 2015, the Court ordered the parties "to advise the Court as to whether there ha[d] been any intervening factual changes since Defendants filed their Motion to Dismiss and/or whether there [was] any new case law that the parties want[ed] to bring to the Court's attention." Order (Feb. 18, 2015), ECF No. [13]. Defendants' counsel responded indicating that they had "sent Plaintiff a Request for Mortgage Assistance form so Plaintiff could be evaluated for loss mitigation, including the possibility of a loan modification," however, Plaintiff never provided counsel with all of the necessary documents to complete the loan modification. Defs.' Resp. at 1. Plaintiff responded to the Court's order indicating that he had "sent the required documentation for review," but "[a]t this time, Wells Fargo Bank N.A. has not approved the loan modification for the Plaintiff." Pl.'s Resp. at 1. As the parties have not since indicated to the Court that this case has been resolved through an agreed upon loan modification, the Court shall proceed to adjudicate the merits of Defendants' Motion to Dismiss.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require that a complaint contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957); *accord Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curium).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555.  Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Id.* at 569.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must "construe the complaint in the light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." *In re United Mine Workers of Am. Empl. Benefit Plans Litig.,* 854 F.Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States,* 617 F.2d 605, 608 (D.C. Cir. 1979) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). In addition where, as here, an action is brought by a *pro se* plaintiff, the Court must take particular care to construe

the plaintiff's filings liberally for such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Richardson v. United States,* 193 F.3d 545, 548 (D.C. Cir. 1999). When considering *pro se* complaints, courts may "consider supplemental material filed by a *pro se* litigant in order to clarify the precise claims being urged." *Greenhill v. Spellings,* 482 F.3d 569, 572 (D.C. Cir. 2007) (citing *Anyanwutaku v. Moore,* 151 F.3d 1053, 1054 (D.C. Cir. 1998)). "Nonetheless, '[a] *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court.'" *Henthorn v. Dep't of Navy,* 29 F.3d 682, 684 (D.C. Cir. 1994) (quoting *Crisafi v. Holland,* 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

## III.    DISCUSSION

The thrust of Plaintiff's Complaint is that due to the securitization of Plaintiff's mortgage and deficiencies in the securitization process, none "of the Defendants in this case[] hold a perfected and secured claim in [Plaintiff's] Property" and thus cannot assert any "claim against Plaintiff's estate." Compl. ¶ 45. Indeed, this is the only legal issue with which Plaintiff could be considered to have engaged in his brief Opposition to Defendants' Motion to Dismiss. Accordingly, the Court will focus its analysis on Plaintiff's arguments that the assignment and transfer of Plaintiff's Note and Deed of Trust nullify Defendants' interest in Plaintiff's property. The Court will address Defendants' Motion to Dismiss Plaintiff's other claims to the extent that case law and the facts alleged in the Complaint clearly resolve these claims. To the extent that Plaintiff's remaining claims cannot be clearly resolved, the Court shall dismiss these claims as conceded since Plaintiff has not offered any opposition to Defendants' arguments regarding these claims.

### A.  Lack of Standing to Foreclose Claim (Count I)

Plaintiff first brings a claim against Defendants for "lack of standing," contending that "Defendants, and each of them, do not have the right to foreclose on the Property, or cannot prove to the court they have valid interest."  *Id.* ¶ 52.  Plaintiff alleges that Defendants do not have standing to foreclose on Plaintiff for two principal reasons: (1) the "only individual who has standing to foreclose is the holder of the note" and Defendants do not hold the Note, *id.* ¶ 53; and (2) Defendants "did not properly comply with the terms of Defendants' own securitization requirements" in securitizing Plaintiff's mortgage and ultimately assigning and transferring the Note and Deed of Trust to HSBC Bank, N.A., *id.* ¶ 54.

Both of Plaintiff's arguments fail.[2]  First, in the District of Columbia, a foreclosing entity need not be the holder of the Note in order to have standing to foreclose on the related property. *See Duffy v. Bank of Am., N.A.*, 13 F.Supp.3d 57, 61 (D.D.C. 2014) ("[Plaintiff] is incorrect that District of Columbia law requires a foreclosing institution to be the holder of the underlying Note."); *Diaby v. Bierman*, 795 F.Supp.2d 108, 113 (D.D.C. 2011) (holding that "whether or not defendants are holders of the note is not dispositive as to whether they have standing to foreclose on the property").  The District of Columbia is a non-judicial foreclosure jurisdiction, which "allows foreclosure pursuant to a 'power of sale provision contained in any deed of trust.'"  *Carter v. Bank of Am., N.A.*, 888 F.Supp.2d 1, 14 (D.D.C. 2012) (quoting *Leake v. Prensky*, 798 F.Supp.2d

---

[2] It is unclear whether Plaintiff even has standing *himself* to bring his "lack of standing" claim because Plaintiff appears primarily to be alleging that Defendants "attempted" to foreclose on his property, not that Plaintiff's Property has been foreclosed or is even in the process of being foreclosed.  *Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 85 (2d Cir. 2014) ("Complaint's assertion that 'Defendants have commenced or authorized the commencement of foreclosure proceedings where payments have not been made or received' does not indicate an actual or imminent, rather than a conjectural or hypothetical, injury." (internal citations omitted)).  Nevertheless, viewing the Complaint in the light most favorable to Plaintiff, which the Court must do at the Motion to Dismiss stage, the Court has decided to reach the merits of this claim.

108, 112-13 (D.D.C. 2011)).  Here, the Deed of Trust clearly provides the Trustee with "power of sale."  *See* Defs.' Ex. B (Deed of Trust), at 4.  Accordingly, Plaintiff's allegation that Defendants do not hold the Note is irrelevant to whether Defendants can foreclose on Plaintiff's property.

In a similar vein, Plaintiff appears to argue that separation of the Note and the Deed of Trust through the securitization process invalidates the security for the mortgage loan.  Compl. ¶ 38.  However, courts in this Circuit and courts across the country have already rejected this argument.  *See Fontaine v. JPMorgran Chase Bank, N.A.*, 42 F.Supp.3d 102, 110 (D.D.C. 2014) (rejecting argument that Defendants property interest was altered "when the initial holder of the Note securitized it," separating the Note from the Deed of Trust); *Jessup v. Progressive Funding, et al.,* 35 F.Supp.3d 25, 33 (D.D.C. 2014) (noting that "[c]ourts across the country have already uniformly rejected [the] argument" that securitization destroys the note, stripping a holder of the ability to assign the deed of trust); *Horvath v. Bank of New York*, 641 F.3d 617, 624 (4th Cir. 2011) (explaining that transferring a note does not "strip it from the security that gives it value and render the note largely worthless"); *Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 255 (5th Cir. 2013) (rejecting the "split-the-note theory" and finding that an assignee of a deed of trust has authority to foreclose without physical possession of the note).

Plaintiff's second argument—that Defendants do not have standing to foreclose on Plaintiff's property because they did not comply with the terms of the PSA in securitizing Plaintiff's mortgage—is also unavailing.  Plaintiff alleges various ways in which Defendants violated the PSA in assigning and transferring Plaintiff's Note and Deed of Trust.  *See* Compl. ¶ 31 ("neither the Note nor the Deed of Trust was assigned to the Securitized Trust by the closing date" as required by the PSA); ¶ 32 ("[T]he Note would not have been transferred according to the requirements of the PSA, since the PSA requires a complete and unbroken chain of transfers and

assignments to and from each intervening party."); ¶ 39 ("Defendants . . . did not hold and possess the Note on or before the closing date of the Trust" as required under the PSA); ¶ 44 (Defendants "fail[ed] to assign and transfer the beneficial interest in Plaintiff's Deed of Trust to HSBC, in accordance with the PSA of the Defendants"); *id.* (Defendants "fail[ed] to endorse, assign and transfer Plaintiff's Note and/or mortgage to Defendant HSBC, . . . in accordance with the PSA"). However, Plaintiff does not have standing to challenge the validity of any assignment of the Note and Deed of Trust because Plaintiff has not pled any facts showing that he is "a party to, or an intended beneficiary of, the assignment agreement." *Jessup*, 35 F.Supp.3d at 35; *see also Rajamin*, 757 F.3d at 91 ("we reject plaintiffs' contention that the assignments of some of plaintiffs' mortgages were void because the assignments were recorded after the closing dates of the Defendant Trusts" because plaintiffs do not have standing to challenge assignments on the basis they violated the PSAs); *Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, --- Fed.Appx. ---, 2014 WL 5654315, *5 (5th Cir. Nov. 5, 2014) (rejecting argument that "Note and Deed are void because they were not transferred to the Trust before the Trust's closing date as required by the terms and conditions of the [PSA]" because plaintiffs "lack standing to enforce provisions of the PSA"); *Wolf v. Federal Nat. Mortg. Ass'n,* 830 F.Supp.2d 153, 162 (W.D. Va. 2011) (finding that the borrower had no standing to challenge the validity of an assignment where "she was not a party to the assignment, and the assignment did not affect her underlying obligation to make timely payments"), *aff'd,* 512 Fed.Appx. 336 (4th Cir. 2013) (per curiam).

Courts have specifically held that plaintiffs cannot contend that a defendant does not have a valid interest to proceed in a foreclosure or collect payments because of the defendants' "lack of compliance with the provisions of the assignment agreements." *Rajamin*, 757 F.3d at 82, 87 (holding that plaintiffs lacked standing to enforce assignment agreements to which they were not

parties or intended beneficiaries and, thus, could not "contend that their loans were not acquired

by the Defendants Trusts . . . because . . . parties to those [assignment] agreements did not perform

all of their obligations under the PSAs."); *Shaver*, 2014 WL 5654315 at *273 (holding that

plaintiffs could not challenge foreclosure on the basis that the Note had not been properly assigned

to the Trust pursuant to the PSA because plaintiffs "lack standing to enforce provisions of the

PSA"); *Serra v. Quantum Servicing Corp.*, No. 11-11843, 2012 WL 3548037, *13 (D. Mass. Aug.

15, 2012) ("[A] number of decisions in this district have held that a mortgagor does not have

standing to challenge a foreclosure on the basis of the non-compliance of an assignment with the

provisions of the Pooling and Servicing Agreement governing the foreclosing trust").

Accordingly, the Court finds that Plaintiff's claim that Defendants lack standing to

foreclose on Plaintiff's property does not state a claim upon which relief can be granted. As "the

allegation of other facts consistent with the challenged pleading could not possibly cure the

deficiency," dismissal of this claim with prejudice is warranted. *Rudder v. Williams*, 666 F.3d 790,

794 (D.C. Cir. 2012) (quoting *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006)).[3]

## B. Fraud Claims (Counts II and III)

Plaintiff next alleges two claims of fraud—fraud in the in concealment (Count II) and fraud

in the inducement (Count III). Plaintiff's first fraud claim is based on Defendants' alleged

---

[3] Plaintiff's Complaint could also be read to allege that there is no recorded assignment of the Deed of Trust in Defendants' favor. *See* Compl. ¶ 35 ("[N]o documents or records can be produced that demonstrate that prior to the closing date for the Wells Fargo Mortgage-Backed Securities 2007-2, the Note was duly endorsed, transferred and delivered to the Wells Fargo Mortgage-Backed Securities 2007-2, including all intervening assignments."). However, such an allegation is of no moment because "under District of Columbia law, an assignment of a note and deed is valid even if the assignee never records the assignment." *Jessup*, 35 F.Supp.3d at 35; *see also Duffy*, 13 F.Supp.3d at 61 ("There is no requirement that an assignment of a note be recorded to be valid."); *Robinson v. Deutsche Bank Nat. Trust Co.*, 932 F.Supp.2d 95, 104 (D.D.C. 2013) ("District of Columbia law does not require an assignment of a note or deed of trust to be recorded in order for the transfer to be valid.").

"conceal[ment of] the fact that the Loans were securitized as well as the terms of the Securitization Agreements."   Compl. ¶ 57.   Plaintiff's second fraud claim is based on "Defendants['] misrepresent[ation] that they are the 'holder and owner' of the Note and the beneficiary of the Deed of Trust" and were "entitled to exercise the power of sale provision contained in the Deed of Trust." *Id.* ¶¶ 66-67.   Defendants argue that Plaintiff's fraud claims must be dismissed because "Plaintiff wholly fails to state with specificity any factual allegations regarding fraud."   Defs.' Mem. at 10.   The Court agrees with Defendants.

"Under District of Columbia law, an allegation of fraud must include the following essential elements: '(1) a false representation, (2) concerning a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) upon which reliance is placed.'" *Acosta Orellana v. CropLife Intern.,* 711 F.Supp.2d 81, 96 (D.D.C. 2010) (citing *In re Estate of McKenney,* 953 A.2d 336, 341 (D.C. 2008)). "Fraud is never presumed and must be particularly pleaded . . . [The pleader] must allege such facts as will reveal the existence of all the requisite elements of fraud." *Bennett v. Kiggins,* 377 A.2d 57, 59–60 (D.C. 1977).

Furthermore, "[a] complaint alleging fraud must also 'meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.' " *Acosta Orellana,* 711 F.Supp.2d at 96 (quoting *Aktieselskabet AF 21 Nov. 2001 v. Fame Jeans Inc.,* 525 F.3d 8, 22 (D.C. Cir. 2008)). Rule 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting [the] fraud." Fed. R. Civ. P. 9(b).   In this Circuit, the circumstances that the claimant must plead with particularity include matters such as the "time, place, and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud," as well as the "identi[ty] [of the] individuals allegedly involved in the fraud." *United States ex rel. Williams v. Martin–Baker Aircraft Co.,* 389 F.3d 1251, 1256 (D.C. Cir. 2004)

(citations omitted).  "Unless a complaint pleads with particularity a defendant's alleged fraudulent representations, the plaintiff will not be permitted to maintain the claim.  This requirement is imposed because to permit a fraud claim to go forth on less specific allegations would permit 'the discovery of unknown wrongs,' which Rule 9(b) seeks to prevent."  *Acosta Orellana,* 711 F.Supp.2d at 96 (internal editing and citations omitted).

Here, Plaintiff fails to plead with particularity either of his fraud claims.  Plaintiff does not allege when the fraudulent misrepresentations were made, where they were made, or, very importantly, which Defendants made the misrepresentations.  Accordingly, the Court finds that for Counts II and III, Plaintiff has failed to plead claims upon which relief can be granted and, therefore, these claims must be dismissed without prejudice.[4]  *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) ("Failure to plead fraud with particularity . . . does not support a dismissal with prejudice.").

---

[4] Defendants also argue that Plaintiff's fraud claims are barred by the statute of limitations. The Court should grant a motion to dismiss based on statute of limitations concerns "only if the complaint on its face is conclusively time barred."  *McQueen v. Woodstream Corp.,* 244 F.R.D. 26, 31 (D.D.C. 2007) (citing *Firestone*, 76 F.3d at 1209).  The District of Columbia statute of limitations on fraud claims is three years.  D.C. CODE ANN. § 12–301(8) (2012).  The general rule in the District is that "a cause of action accrues for limitations purposes 'when the plaintiff has either actual notice of [his] cause of action or is deemed to be on inquiry notice because if [he] had met [his] duty to act reasonably under the circumstances in investigating matters affecting [his] affairs, such an investigation, if conducted, would have led to actual notice.' "  *Harris v. Ladner,* 828 A.2d 203, 205–206 (D.C. 2003) (quoting *Diamond v. Davis,* 680 A.2d 364, 372 (D.C. 1996)).  Defendants posit the date the securitization was made as the date the statute of limitations began to accrue.  Defs.' Mem. at 10-11.  However, the date that Plaintiff's cause of action began to accrue would be the date that Plaintiff *learned* or *should have learned* of the securitization of his mortgage.  As the Court cannot ascertain from the facts pled in the Complaint when Plaintiff had or should have had notice of his cause of action for fraud, the Court finds it is inappropriate to dismiss Plaintiff's fraud claims on this basis.

**C. Intentional Infliction of Emotional Distress Claim (Count IV)**

Plaintiff's intentional infliction of emotional distress (IIED) claim must also be dismissed for failure to state a claim.  Plaintiff alleges that as a result of Defendants "fraudulently attempting to foreclose or claiming the right to foreclose on a property in which they have no right, title, or interest" he "has suffered severe emotional distress, including but not limited to lack of sleep, anxiety, and depression."  Compl. ¶¶ 77, 80.

"To establish a *prima facie* case of intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) either intentionally or recklessly (3) causes the plaintiff severe emotional distress." *Larijani v. Georgetown Univ.,* 791 A.2d 41, 44 (D.C. 2002).  A defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Drejza v. Vaccaro,* 650 A.2d 1308, 1312 n.10 (D.C. 1994) (quoting Restatement (Second) of Torts § 46, cmt. d (1965)). Indeed, "a case of intentional infliction of emotional distress is made out only if 'the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim 'Outrageous!' " *Homan v. Goyal,* 711 A.2d 812, 818 (D.C. 1998) (quoting Restatement (Second) of Torts § 46, cmt. D (1965)).

Defendants argue, and the Court agrees, that Plaintiff's allegations as to Defendants' conduct fail to rise to the level of conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency."  *Drejza*, 650 A.2d at 1312 n.10.  "[T]o the extent that [Plaintiff's] . . . emotional distress claims rely on the fact that Defendants may not have physical possession of the original Note documents, or the contention that securitization invalidated the Note, these claims must be dismissed because they do not state a plausible basis

for relief under existing law." *Fontaine*, 42 F.Supp.3d at 110.   Courts in this Circuit have repeatedly found conduct similar to that alleged by Plaintiff does not constitute "extreme and outrageous conduct." *See, e.g., Busby v. Capital One, N.A.*, 932 F.Supp.2d 114, 148 (D.D.C. 2013) (holding that defendant's causing plaintiff's home to be "wrongful[ly] publish[ed] . . . on the internet (presumably by way of the public filing of the Notice of Sale), . . . and by misrepresenting itself as the lender" "could not plausibly constitute conduct 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency[.]' ''); *Haynes v. Navy Fed. Credit Union,* 825 F.Supp.2d 285, 294 (D.D.C. 2011) (concluding that allegations that the defendant had called plaintiff's home on "numerous occasions," had "falsely reported to credit agencies that he is in arrears on his loan," had "refused to provide him with an Interest Statement," and may at some point in the future "initiate foreclosure proceedings," whether considered together or independently, failed to state a claim for intentional infliction of emotional distress) (internal editing omitted); *Ihebereme v. Capital One, N.A.,* 730 F.Supp.2d 40, 54–55 (D.D.C. 2010) (finding that plaintiff's allegations that defendant refused to accept mortgage payments, failed to timely credit mortgage payments, overcharged plaintiff, and discriminated against plaintiff were not sufficiently outrageous to give rise to intentional infliction of emotional distress claims). Accordingly, the Court finds that Plaintiff has failed to state a claim for IIED.   As "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," the Court dismisses with prejudice Count IV of Plaintiff's Complaint. *Rudder*, 666 F.3d at 794.

### D.  Quiet Title Claim (Count VI)

Plaintiff next brings a quiet title claim on the basis that "all defendants . . . claim some estate, right, title, lien or interest in or to the property adverse to plaintiff" "without any right whatsoever" and "these claims constitute a cloud on plaintiff's title to the property."   Compl. ¶¶

95, 96.  Plaintiff asks the Court to issue a "decree permanently enjoin[ing] defendants . . . from asserting any adverse claim to plaintiff's title to the property."  *Id.* ¶ 98.

"Successful quiet title actions require a plaintiff to establish that she has superior title to the property."  *Jessup*, 35 F.Supp.3d at 36 (citing 74 C.J.S. Quieting Title § 77 (2014) (" '[T]he plaintiff has the burden of showing a title or right superior to that of the defendant as a prima facie case[,]' which means that 'the plaintiff [must] at least prove a title better than that of the defendant, which, if not overcome by the defendant, is sufficient.' ")).  Here, Plaintiff alleges that his title is clouded because Defendants are asserting an interest in his Property without right since they do not hold the Note and since they did not comply with the requirements of the PSA in securitizing Plaintiff's mortgage.  In Part III.A, the Court already rejected these reasons as a basis for finding that Defendants do not have any rights to collect under the Note or any interest in the Property.  Courts have rejected similar claims to quiet title brought by borrowers.  *See, e.g., Jessup*, 35 F.Supp.3d at 34 (rejecting claim for quiet title stemming from belief that securitization rendered the Note and Deed of Trust invalid); *Diaby*, 795 F.Supp.2d at 112 (dismissing quiet title action alleging failure to record because "a failure to record an assignment does not give rise to a cause of action"); *Robinson*, 932 F.Supp.2d at 113-14 (dismissing quiet title claim because "the alleged failure to record the assignment of the note or deed of trust to [defendant] does not undermine the validity of the foreclosure sale.").

Plaintiff's Complaint also does not proffer any facts suggesting that he has superior title to the property.  Indeed, Plaintiff's Complaint alleges that he purchased a mortgage secured by the Property and executed a Deed of Trust that "irrevocably grants and conveys to Trustee, in trust, with power of sale, the . . . property."  Defs.' Ex. B (Deed of Trust), at 4.  Plaintiff's Complaint does not contain any facts suggesting that Plaintiff has satisfied or otherwise extinguished the loan

encumbering the Property. *See Jessup*, 35 F.Supp.3d at 36 (dismissing quiet title action because plaintiff's "complaint contains no allegation that she has superior title to the property, let alone any facts that would support such an allegation"); *Diaby*, 795 F.Supp.2d at 112 (dismissing quiet title action where plaintiff failed "to identify any facts alleged in his complaint that could give rise to a right to [a quiet title declaration]"). Accordingly, the Court finds that Plaintiff fails to state a quiet title claim and, therefore, dismisses with prejudice Count VI of Plaintiff's Complaint. *See Rudder*, 666 F.3d at 794; *Jessup*, 35 F.Supp.3d at 37.

### E. Truth in Lending Act ("TILA") Claims

Plaintiff next alleges that "Defendants violated TILA by failing to provide Plaintiff with accurate material disclosures required under TILA and not taking into account the intent of the State Legislature in approving this statute which was to fully inform home buyers of the pros and cons of adjustable rate mortgages in a language (both written or spoken) that they can understand and comprehend." Compl. ¶ 112. Based on Defendants' alleged violation of TILA, Plaintiff contends that he has incurred damages—Count VIII—and now has the right to rescind the loan on the subject Property pursuant to TILA § 1635(b)—Count X. *Id.* ¶¶ 114-15. The Court shall address each claim in turn.

#### a. TILA Civil Damages Claim (Count VIII)

Defendants contend that Plaintiff's TILA claim for damages is barred by TILA's statute of limitations. Defs.' Mem. at 15. Under 15 U.S.C. § 1640(e) of TILA, claims for damages "may be brought in any United States district court . . . within one year from the date of the occurrence of the violation . . . ." "In closed-ended consumer credit transactions such as the one in this case, [TILA's] limitations period begins to run on the date of settlement." *Johnson v. Long Beach Mortg. Loan Trust, 2001-4*, 451 F.Supp.2d 16, 39 (D.D.C. 2006) (citing *Postow v. OBA Fed.*

*Savings & Loan Assoc.,* 627 F.2d 1370, 1380 (D.C. Cir. 1980)).  Here, Plaintiff clearly alleges in his Complaint that the settlement for his loan occurred on December 18, 2006.  Compl. ¶ 25; *see McQueen,* 244 F.R.D. at 31 (explaining that a court should grant a motion to dismiss based on statute of limitations concerns "only if the complaint on its face is conclusively time barred").  Accordingly, the statute of limitations began to run in December 2006, and Plaintiff was required to file his TILA claim in district court by December 2007.  Instead, Plaintiff filed his TILA claim in this Court on February 24, 2014—more than eight years after settlement and well outside the statute of limitations.

Plaintiff makes a vague allegation in his Complaint that "[a]ny and all statute[s] of limitations relating to disclosures and notices required pursuant to 15 U.S.C. Section 1601, *et seq.*, were tolled due to Defendants' failure to effectively provide the required disclosures and notices." Compl. ¶ 113.  However, Plaintiff cites to no authority within the TILA statute or case law supporting this vague tolling claim.  Moreover, Plaintiff is not entitled to the "recoupment exception" to the TILA statute of limitations, which provides that the TILA statute of limitations "does not bar a person from asserting a violation of this title in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action."  15 U.S.C § 1640(e).  Here, Plaintiff is not asserting a TILA claim "as a matter of defense" in "an action to collect the debt" brought by a lender against a debtor.  Instead, Plaintiff has brought an affirmative TILA claim for damages against the defendant-lender in a lawsuit Plaintiff initiated.  *See Findlay v. CitiMortgage, Inc.*, 813 F.Supp.2d 108, 114 (D.D.C. 2011) (recoupment exception did not apply to mortgagor's affirmative TILA claim for damages against defendant-lender, even though mortgagor filed suit in response to defendant's foreclosure action); *Johnson*, 451 F.Supp.2d at 39 (rejecting recoupment defense

and dismissing claim as time-barred in case where debtor-plaintiff brought affirmative TILA claim

against lender-defendant); *see also Moor v. Travelers Ins. Co.*, 784 F.2d 632, 634 (5th Cir. 1986)

("When the debtor hales the creditor into court, as Moor has done in this case, the claim by the

debtor is affirmative rather than defensive. As such, it is subject to the one- . . . year limitations

provisions" of the TILA).   Accordingly, the Court finds that Plaintiff's TILA claim is time-barred

and, therefore, dismisses with prejudice Count VIII of Plaintiff's Complaint.

### b.   Rescission Claim (Count X)

Defendants contend that Plaintiff's TILA claim for rescission is also time barred.  In their

Motion to Dismiss, Defendants cite to 15 U.S.C. § 1635(f) which provides that the time for an

obligor to exercise his or her right of rescission "shall expire three years after the date of

consummation of the transaction or upon the sale of the property, whichever occurs first . . . ."

Defs.' Mem. at 15 n.4.  In their response to the Court's Order requiring the parties to inform the

Court of any new relevant case law, Defendants pointed the Court to the recent Supreme Court

decision in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790 (2015), clarifying that a

borrower exercises his right to rescission by providing written notice of rescission to his lender

before the three-year period elapses.  Defs.' Resp. at 3 (citing 135 S.Ct. at 792).  Defendants

contend that *Jesinoski* "does not change the analysis [in their Motion to Dismiss] of Plaintiff's

TILA claims" and that "Counts VIII and X are still untimely."  *Id.*

The Court agrees that Plaintiff's rescission claim is untimely.  Plaintiff alleges in his

Complaint that the "closing date" for his mortgage transaction was December 18, 2006.  Compl. ¶

25.  Accordingly, pursuant to § 1635(f), Plaintiff was required to exercise his right to rescind by

December 18, 2009.  Although Plaintiff acknowledges in his Complaint that "[t]he Truth in

Lending Act . . . extends Plaintiff's right to rescind a loan to *three years* from the *date of closing*

if the borrower received false or incomplete disclosure of either the loan[']s terms or Borrower's right to rescind," Compl. ¶ 126 (emphasis added), Plaintiff does not allege any facts remotely suggesting that he provided notice of rescission to his borrower before the three-year period elapsed.  Instead, Plaintiff appears to be seeking rescission for the first time with the filing of the Complaint presently before the Court.   However, as there is "no federal right to rescind, defensively or otherwise, after the 3–year period of § 1635(f) has run," *Jesinoski* 135 S.Ct. at 792 (quoting *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417 (1998)), Plaintiff is time-barred from seeking to rescind his loan under TILA.[5]   Accordingly, the Court shall dismiss with prejudice Count X of Plaintiff's Complaint.

### F.  Real Estate Settlement Procedures Act ("RESPA") Claim (Count IX)

Finally, Plaintiff alleges that "Defendants violated RESPA because the payments between the Defendants were misleading and designed to create a windfall" and "were deceptive, fraudulent, and self-serving."  Compl. ¶ 122.  As with Plaintiff's TILA claims, Defendants move to dismiss Plaintiff's RESPA claims on the basis that they are barred by the statute of limitations.  Defs.' Mem. at 19.  A RESPA action, such as Plaintiff's, alleging "kickbacks" or "unearned fees" may be brought in a district court within "1 year . . . from the date of the occurrence of the

---

[5] Even assuming Plaintiff exercised his right to rescission within the statutory three-year period, Plaintiff would have had to file his TILA rescission claim in district court by January 7, 2011, at the latest in order for his claim not to be time-barred under the statute of limitations set forth in 15 U.S.C. § 1640(e).  As this Court explained in *Johnson*, "[i]f the borrower exercises her right of rescission during this [3-year] extended period, the creditor's denial of rescission or its failure to properly respond to the rescission within 20 days after receipt of notice gives rise to a potential violation under TILA and commences the running of TILA's one year statute of limitations."  451 F.Supp.2d at 40 (citing 15 U.S.C. § 1635(b) (requiring creditor "[w]ithin 20 days after receipt of a notice of rescission to return [to] the obligor any money or property given as earnest money, downpayment or otherwise, and [to] take any action necessary or appropriate to reflect the termination of any security interest created under the transaction")).

violation." 12 U.S.C. § 2614. "Courts have held that the 'date of the occurrence' language in § 2614 refers to the date of the closing." *Chen v. Bell-Smith*, 768 F.Supp.2d 121, 149 (D.D.C. 2011); *see also Palmer v. Homecomings Fin., LLC,* 677 F.Supp.2d 233, 237–38 (D.D.C. 2010) (explaining that "[a] cause of action under § 2607 accrues on the date of the closing"); *Snow v. First Am. Title Ins. Co.,* 332 F.3d 356, 359 (5th Cir. 2003) (holding that "date of the occurrence of the violation" language in § 2614 refers to the closing).[6] Accordingly, the statute of limitations for Plaintiff's RESPA claim expired December 2007. As Plaintiff filed his Complaint on February 24, 2014—over six years later—Plaintiff's RESPA claim is time-barred and, therefore, dismissed with prejudice.

### G. Remaining Claims

The Court dismisses Plaintiff's remaining claims—Slander of Title (Count V) and Declaratory Relief (Count VII)—as conceded since Plaintiff in no way engages with Defendants' arguments regarding these claims in his exceedingly short Opposition to Defendants' Motion to Dismiss. Furthermore, as the Court has found that all of Plaintiff's claims either fail to state a claim, are time-barred, or have been conceded, there is no longer any basis for Plaintiff's claim to declaratory relief. Accordingly, Counts V and VII are dismissed without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss. Specifically, the Court DISMISSES WITH PREJUDICE Counts I, IV, VI, and VIII-X of Plaintiff's Complaint. The Court DISMISSES WITHOUT PREJUDICE Counts II, III, V, and VII

---

[6] In Defendants' Motion to Dismiss, Defendants note that on September 10, 2009, Plaintiff "modified his original loan through a written agreement." Defs.' Mem. at 6. Plaintiff does not include any factual allegations about this loan modification in his Complaint. Even if the Court were to accept this date as the date of settlement, Plaintiff's TILA and RESPA claims would still be time-barred.

of Plaintiff's Complaint.  Accordingly, this case shall be DISMISSED in its entirety.

An appropriate Order accompanies this Memorandum Opinion.


_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge